## DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

### OF THE

# STATE OF NEW JERSEY.

### MARCH TERM, 1883.

---

CITY OF ELIZABETH, PLAINTIFF IN ERROR, v. STATE, ELIZABETH W. MEEKER, PROSECUTRIX, DEFENDANT IN ERROR.

1. The act of March 23d, 1881, relating to assessments, requires the Supreme Court, having an assessment before it by *certiorari*, to make a proper assessment, if the original assessment be erroneous or void, whenever, at the time of *adjudicating*, such assessment may lawfully be made.
2. Where an assessment for street improvements had been laid under a void act, and the same was brought before the court by *certiorari*, and at that time an act had been passed whereby an assessment could be made for such improvement—*Held*, that after setting aside the original assessment, it was incumbent on the court to have a proper assessment made.

---

On error to the Supreme Court.

For the plaintiff in error, *F. Bergen.*

For the defendant in error, *W. P. Wilson.*

157

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This writ of error has been brought with the purpose of reviewing a judgment of the Supreme Court, setting aside an assessment laid on lands in Elizabeth to pay the expenses incurred in the improvement of a street.   The ground of this decision was that the provision of the charter of the city by force of which this burthen was imposed, was void on account of its unconstitutionality. The sole error alleged to exist in this judicial action, which has been urged before this court by the counsel of the city, is that the court below, after setting aside the proceeding in question, which was admitted to be unsustainable, should have proceeded to impose, in the manner directed by existing laws, the proper quota of the above-mentioned expenses on the prosecutor of the *certiorari*, who is the defendant in error.

The duty to do this, it was insisted, is laid upon the court by the statute entitled "A general act respecting taxes, assessments and water-rates," approved March 23d, 1881.   That act is as follows :

" No tax, assessment or water-rate, imposed or levied in this state, shall be set aside or reversed in any court of law or equity in any action, suit or proceeding, for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or rate, or in the proceeding for collecting the same, if the person against whom or the property upon which such tax, assessment or rate is assessed or laid is, in fact, liable to taxation or assessment, or imposition of such water-rate, in respect of the purposes for which such tax, assessment or rate is levied, assessed or laid, and the court in which any action, suit or proceeding is or shall be pending to review any such tax, assessment or water-rate is required to amend all irregularities or errors or defects, and is empowered, if need be, to ascertain and determine for what sum such person or·property was legally liable to taxation, or assessment, or water-rate, and by order or decree to fix the amount thereof.   *   *   * It shall be the duty of the court to make a proper levy, imposition or assessment in all cases in which there may law-

fully be an assessment, imposition or levy, and such court is hereby given full and ample authority to make a lawful levy, assessment or imposition."

The language here employed appears to leave no doubt as to the purpose of the legislature. It was to assign to the court the province of seeing that its suitors who were liable, or whose property was subject to these assessments for public improvements, and who were seeking to vacate any of such assessments, should in every event be made to bear their fair and legal share of the burthen. This provision was well timed and most salutary, for while it preserves to the owner of property the ability to relieve himself from so much of his tax as is unjust, it at the same time and by a summary procedure, compels him to do justice to the public by paying such part of his assessment as is justly due. This law is, in the highest sense, remedial, and should be construed with liberality, so as to abate the mischief of tax-payers avoiding, by litigation, their honest dues to the government.

It will be perceived, from the terms of the legislative provision just quoted, that the court to which an application is made to review an assessment of the class mentioned is enjoined to make a proper levy, imposition or assessment in all cases in which there may lawfully be an assessment, imposition or levy. This phraseology can be interpreted only as referring to the state of affairs existing at the time when the court is called upon to act. If at that period there may lawfully be an assessment, imposition or levy, then, in all cases, the judicial duty to impose the proper tax arises. This law expressly excludes the idea that such action is to be taken only if, when the original assessment was made, it could lawfully have been made; for the present tense cannot be converted into the past tense for the purpose of defeating one of the principal uses of a remedial statute. Nor do I think that this plain instruction is countervailed by the antecedent direction that the court is to ascertain, if need be, " for what sum such person or property was legally liable," which undoubtedly refers to a liability existing at the time of the original assess-

ment, because it is obvious that, in a general sense, there was a liability, at the time indicated, of the prosecutor of the *certiorari* to pay his just quota of the expenses in question. Such a liability arose, according to the system of municipal taxation everywhere prevalent in this state, and although, under laws then in force, such tax could not be exacted, nevertheless the liability was present. As the statute then prevailing was unconstitutional, the prosecutor's liability was his responsibility to legislative action. He could be compelled to pay these moneys as soon as a law should have been passed providing the proper machinery of assessment and collection. All laws for the re-assessment of taxes which have been laid under unconstitutional provisions are founded, and must necessarily be founded, on the theory of the original liability of the land-owner to the rate, for the legislative power could not create such a liability. It cannot reach beyond its enforcement in cases where it exists. The expression, therefore, is not entitled to the force, which at first view, would seem to belong to it. If, when the court disposes of the original assessment, there may then, in the language of the act, "lawfully be an assessment, imposition or levy," it becomes the duty of the court to make "a proper levy, imposition or assessment."

The result of this interpretation is the reversal of the decision of the court below, for when that decision was rendered there was a statute in force whereby an assessment for the improvement could have been laid. *Rev., p.* 713, *pl.* 10.

Let the judgment be reversed and the record remitted to the Supreme Court, so that the proper assessment may be made.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN, KIRK, PATERSON, WHITAKER.    14.